**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

LEAGUE OF WOMEN VOTERS OF
PENNSYLVANIA, CARMEN FEBO SAN
MIGUEL, JAMES SOLOMON, JOHN
GREINER, JOHN CAPOWSKI,
GRETCHEN BRANDT, THOMAS
RENTSCHLER, MARY ELIZABETH
LAWN, LISA ISAACS, DON LANCASTER,
JORDI COMAS, ROBERT SMITH,
WILLIAM MARX, RICHARD MANTELL,
PRISCILLA MCNULTY, THOMAS
ULRICH, ROBERT MCKINSTRY, MARK
LICHTY, LORRAINE PETROSKY ,

        Petitioners

        v.

THE COMMONWEALTH OF
PENNSYLVANIA; THE PENNSYLVANIA
GENERAL ASSEMBLY; THOMAS W.
WOLF, IN HIS CAPACITY AS
GOVERNOR OF PENNSYLVANIA;
MICHAEL J. STACK III, IN HIS CAPACITY
AS LIEUTENANT GOVERNOR OF
PENNSYLVANIA AND PRESIDENT OF
THE PENNSYLVANIA SENATE;
MICHAEL C. TURZAI, IN HIS CAPACITY
AS SPEAKER OF THE PENNSYLVANIA
HOUSE OF REPRESENTATIVES;
JOSEPH B. SCARNATI III, IN HIS
CAPACITY AS PENNSYLVANIA SENATE
PRESIDENT PRO TEMPORE; ROBERT
TORRES, IN HIS CAPACITY AS ACTING
SECRETARY OF THE
COMMONWEALTH OF PENNSYLVANIA;
JONATHAN M. MARKS, IN HIS
CAPACITY AS COMMISSIONER OF THE
BUREAU OF COMMISSIONS,
ELECTIONS, AND LEGISLATION OF

: No. 159 MM 2017

THE PENNSYLVANIA DEPARTMENT OF :
STATE, :
 :
 Respondents :

# DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**        **Filed: February 19, 2018**

I incorporate my comments from my previous expressions in this case in support of my continuing disapproval of the extraordinary course of these proceedings. *See League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, ___ A.3d ___, ___, 2018 WL 750872, at *59-63 (Feb. 7, 2018) (Saylor, C.J., dissenting); *League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, 175 A.3d 282, 286-87 (Jan. 22, 2018) (*per curiam*) (Saylor, C.J., dissenting). The latest round includes: the submission, within the past few days, of more than a dozen sophisticated redistricting plans; the lack of an opportunity for critical evaluation by all of the parties; the adoption of a judicially created redistricting plan apparently upon advice from a political scientist who has not submitted a report as of record nor appeared as a witness in any court proceeding in this case; and the absence of an adversarial hearing to resolve factual controversies arising in the present remedial phase of this litigation. In these circumstances, the displacement to the judiciary of the political responsibility for redistricting -- which is assigned to the General Assembly by the United States Constitution -- appears to me to be unprecedented.